UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

ALPHONSO BROWN,

Appellant,

v.

OFFICE OF PERSONNEL
MANAGEMENT,

Agency.

DOCKET NUMBER
DC-0831-18-0238-I-1

DATE: November 16, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Alphonso R. Brown, Stafford, Virginia, pro se.

Carla Robinson, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) regarding an overpayment. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to address the appellant's Federal Erroneous Retirement Coverage Corrections Act (FERCCA) claim, we AFFIRM the initial decision.

## BACKGROUND

¶2 The appellant was a District of Columbia (DC) employee from June 6, 1976, to December 2, 1988, covered by the Civil Service Retirement System (CSRS). Initial Appeal File (IAF), Tab 8 at 9, 48. Effective December 4, 1988, he was hired as a Federal employee by the Environmental Protection Agency (EPA). *Id.* at 9, 48, 60. The EPA originally designated the appellant as belonging in CSRS Offset. IAF, Tab 1 at 144. However, in May 2010, it advised the appellant that this designation was in error because when he was hired by the EPA he went from one CSRS covered position to another. *Id.* The EPA informed him that he was entitled to corrective action under FERCCA. *Id.* It placed the appellant in CSRS and corrected his retirement records. *Id.* at 144, 148.

¶3 The appellant retired from the EPA effective December 2011. IAF, Tab 8 at 45. In processing the appellant's retirement paperwork, the EPA treated both his DC and Federal service as CSRS-covered. *Id.* at 48. In May 2012, OPM advised the appellant, who was then 59 years old, that his retirement annuity might be "subject to an offset" for Social Security benefits beginning when he

turned 62 years of age. *Id.* at 21. Approximately 2 years later, OPM alerted the EPA to what it believed was a coverage error. *Id.* at 20. According to OPM, the EPA should have placed the appellant in CSRS Offset rather than CSRS. *Id.*

¶4 In September 2017, OPM advised the appellant that it was reducing his monthly annuity payments to offset for Social Security benefits, and also assessing an overpayment due to its failure to begin the offset when the appellant turned age 62. *Id.* at 12. The appellant requested reconsideration, disagreeing with his placement in CSRS Offset, and asserting that he had not applied for Social Security, which he intended to delay until age 66. *Id.* at 34-36. OPM issued a reconsideration decision in December 2017, denying the appellant's request. *Id.* at 7-11. In pertinent part, it found that the appellant belonged in CSRS Offset upon his appointment to the Federal Government because that employment began after 1983, and therefore he was "covered by Social Security." *Id.* at 9-10. The appellant asserted below, and OPM does not dispute, that its reconsideration decision was the first notification he received that his placement in CSRS was in error. IAF, Tab 6 at 5.

¶5 The appellant filed the instant appeal, arguing that he does not owe an overpayment because his placement in CSRS Offset was incorrect. IAF, Tab 1 at 8, Tab 6 at 4. He also requested a waiver of the overpayment. IAF, Tab 6 at 6, Tab 10 at 5-6. The administrative judge issued an initial decision in which he affirmed OPM's determination that the appellant owed an overpayment. IAF, Tab 14, Initial Decision (ID) at 3. He also concluded that although the appellant was not at fault for the overpayment, he was not entitled to a waiver. ID at 3-5.

¶6 The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. He argues that the EPA and OPM are to blame for the creation of the overpayment. PFR File, Tab 1 at 4-6. He also argues that he is entitled to a financial hardship waiver of the overpayment. *Id.* at 6. OPM has not responded to the petition for review. The Acting Clerk of the Board issued an order to OPM to provide evidence and argument supporting its conclusion that the appellant

belongs in CSRS Offset, to which OPM has responded. PFR File, Tab 3 at 3, Tab 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge erred in failing to address the appellant's claim that he belonged in Civil Service Retirement System (CSRS).</u>

¶7 The administrative judge did not address the appellant's arguments below that he belonged in CSRS, not CSRS Offset. IAF, Tab 1 at 8, Tab 6 at 4. We modify the initial decision to address this claim. Although the appellant does not re-raise it on review, he questions the handling of the EPA's error in placing him in CSRS and the EPA and OPM's failure to notify him of his placement in CSRS Offset until September 2017. PFR File, Tab 1 at 4-6.

¶8 FERCCA, Pub. L. No. 106-265, Title II, 114 Stat. 770 (2000) (codified at 5 U.S.C. 8331 note), addresses the problems created when employees are in the wrong retirement plan for an extended period. *Archer v. Office of Personnel Management*, 120 M.S.P.R. 68, ¶ 6 (2013). An employee may seek relief under FERCCA if he experienced a qualifying retirement coverage error. *Id.* A "qualifying retirement coverage error" is "an erroneous decision by an employee or agent of the Government as to whether Government service is CSRS covered, CSRS Offset covered, FERS covered, or Social Security-Only covered that remained in effect for at least 3 years of service after December 31, 1986." *Id.* (quoting 5 C.F.R. § 839.102 (defining this term for purposes of the regulations implementing FERCCA)). An employee who has been the subject of a qualifying retirement coverage error under FERCCA may be entitled to various forms of relief, including a choice of retirement plans. *Id.*

¶9 An individual subject to a decision implicating FERCCA has the right to appeal to the Board. 5 U.S.C. §§ 8347(d)(1), 8461(e)(1); 5 C.F.R. §§ 839.1301(a), 839.1302(a); *see Wible v. Department of the Army*, 120 M.S.P.R. 333, ¶¶ 2, 7-8 (2013) (finding that the Board has jurisdiction to review whether an

agency correctly determined that a retirement coverage error was not covered by FERCCA even though it appeared that the error lasted less than 3 years). OPM's determination that the EPA erred in placing the appellant in CSRS is such a decision. IAF, Tab 8 at 9-10. Thus, the administrative judge should have made a determination as to whether the appellant belonged in CSRS or CSRS Offset. Here, the alleged error in the appellant's retirement coverage lasted for more than 3 years, between his Federal appointment in 1988 and his retirement in 2011.

We agree with OPM that the appellant belongs in CSRS Offset.

¶10 The appellant's DC service was covered by CSRS. IAF, Tab 8 at 48. While he was still employed by the DC Government, in June 1986, President Ronald Reagan signed the Federal Employees' Retirement System Act of 1986 (FERSA) into law. Pub. L. No. 99-335, 100 Stat. 514 (codified, as amended, primarily at 5 U.S.C. chapter 84). FERSA established a new retirement system, the Federal Employees' Retirement System (FERS). *See* 5 U.S.C. § 8402(a) (explaining that chapter 84 of Title 5 comprises the FERS provisions). The definition of an employee subject to FERS does not include "an individual first employed by the government of the District of Columbia before October 1, 1987," like the appellant. IAF, Tab 8 at 48; 5 U.S.C. §§ 8331(1)(G), 8401(11); *see* S. Rep. No. 99-166, at 40 (1985) (Comm.) (reflecting that the exclusion of DC employees from FERS was intentional). Rather, such an individual is an employee for purposes of CSRS. 5 U.S.C. § 8331(1)(G).

¶11 Federal employees whose service is subject to deductions for coverage under both CSRS and the Social Security Old Age, and Survivors and Disability Insurance program (OASDI) belong in CSRS Offset. *Taxera v. Office of Personnel Management*, 95 M.S.P.R. 97, ¶ 2 (2003); 5 C.F.R. § 839.102. Thus, if the appellant's employment with the EPA was subject to OASDI, he belongs in CSRS Offset.

¶12 The appellant became a Federal employee with the EPA on December 4, 1988. IAF, Tab 8 at 48. Had he begun Federal employment earlier, he may have

been continued to be exempt from OASDI during his Federal employment with the EPA. 42 U.S.C. 410(a)(5) (excepting from the definition of employment subject to OASDI continued service by certain Federal employees previously covered by CSRS); 20 C.F.R. § 404.1018(a)(1) (same). However, this exception is only available to individuals who worked for the United States or one of its instrumentalities prior to December 31, 1983. 20 U.S.C. § 410(a)(5)(B)(i); 20 C.F.R. § 404.1018(a)(1)(i). "Instrumentality" is not defined for purposes of the statute.

¶13        Although "instrumentality" is not defined, the statute defining employment for purposes of OASDI separately addresses exemptions for certain DC employees, including those covered by CSRS. 42 U.S.C. § 410(a)(7)(D). Thus, if the appellant had continued with his DC employment, he would have remained in CSRS without an offset. The fact that the same statute addresses DC employment while separately addressing employment with the United States or its instrumentalities indicates to us that Congress viewed those two types of employment to be distinct. 42 U.S.C. § 410(a)(5), (7)(D); *see Brodsky v. Office of Personnel Management*, 108 M.S.P.R. 228, ¶ 20 (2008) (inferring from the use of two different words in the same act that the terms are intended to have different meanings). Therefore, we conclude that Congress did not view DC employment as equivalent to employment for the United States or its instrumentalities, and former DC employees entering Federal service for the first time after December 31, 1983, are not exempt from OASDI. Because the appellant's Federal service was not exempted from OASDI, OPM properly determined that he belongs in CSRS Offset. 5 U.S.C. § 410(a)(5); *see Taxera*, 95 M.S.P.R. 97, ¶ 2; 5 C.F.R. § 839.102.

¶14        Both below and on review, OPM relied on its CSRS and FERS Handbook for Personnel and Payroll Offices (Handbook) to argue that the appellant's retirement coverage for his EPA employment is CSRS Offset. IAF, Tab 8 at 23; PFR File, Tab 5 at 6. In particular, the Handbook states that an individual with

5 years of CSRS creditable DC service is covered by CSRS Offset when he is first hired by the Federal Government. IAF, Tab 8 at 23 (Handbook, § 12A4.1-1(H)). Although we do not find it appropriate to defer to the Handbook, we do find that it lends additional support to our conclusions here. *See Roman v. Central Intelligence Agency*, 297 F.3d 1363, 1368-69 (Fed. Cir. 2002) (finding that the Handbook is not entitled to the same weight as formal regulations); *Hatch v. Office of Personnel Management*, 97 M.S.P.R. 669, ¶¶ 15-16 (2004) (finding that an OPM letter was not entitled to the same deference as a regulations adopted after public notice and comment, but was entitled to deference to the extent it was persuasive) (citations omitted), *recons. denied*, 100 M.S.P.R. 204 (2005). Thus, we agree with OPM that the appellant belongs in CSRS Offset. In the case of an employee, like the appellant, who was erroneously placed under CSRS, but who should have been placed under CSRS Offset, the correction of such a retirement coverage error is mandatory.[2] FERCCA, 114 Stat. 770, 779 § 2142; *Nasdahl v. Department of Veterans Affairs*, 119 M.S.P.R. 283, ¶¶ 4, 8 (2013); *see* 5 C.F.R. § 839.701 (providing that under both CSRS Full and CSRS Offset, the employee may not elect their retirement coverage but rather must be placed in the correct plan).

¶15 OPM properly corrected the EPA's May 2010 error by placing the appellant in CSRS Offset in 2014. IAF, Tab 8 at 20. Absent a retirement coverage error, we are unable to consider the appellant's claims regarding the EPA and OPM's delay in informing him of the error. *See* 5 C.F.R. § 839.1302(a) (limiting the

---

[2] The appellant alleges that OPM violated his due process rights by failing to communicate with him regarding the correction of his placement in CSRS Offset. PFR File, Tab 1 at 5; IAF, Tab 10 at 5. However, he admits that OPM refunded the amounts it originally collected. PFR File, Tab 1 at 5. Thus, we discern no basis to conclude that he was denied his due process rights of notice and an opportunity to respond before being required to repay the overpaid funds. *See Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 542, 546-48 (1985) ("The essential requirements of due process . . . are notice and an opportunity to respond" prior to being deprived of a "constitutionally protected property interest.").

Board's FERCCA jurisdiction to a decision affecting an individual's retirement coverage "rights and interests").

<u>The appellant is not entitled to a waiver of his overpayment.</u>

¶16    The parties do not dispute on review the administrative judge's finding that the appellant received an overpayment. ID at 3. We discern no basis to disturb that finding here. The administrative judge also determined that the appellant was not entitled to waiver of the overpayment. ID at 3-5. We agree.

¶17    An appellant bears the burden of proving he is entitled to a waiver of an overpayment by substantial evidence. *Fearon v. Office of Personnel Management*, 109 M.S.P.R. 606, ¶ 5 (2008); 5 C.F.R. § 831.1407(b). Waiver of recovery of an overpayment may be granted when the annuitant is without fault and recovery would be against equity and good conscience. 5 U.S.C. § 8346(b); *Fearon*, 109 M.S.P.R. 606, ¶ 5; 5 C.F.R. § 831.1401. Generally, recovery is against equity and good conscience when it would cause financial hardship, the annuitant can show that because of the overpayment he relinquished a valuable right or changed positions for the worse, or recovery could be unconscionable under the circumstances. *Fearon*, 109 M.S.P.R. 606, ¶ 5; 5 C.F.R. § 831.1403.

¶18    The administrative judge found that the appellant was without fault in the overpayment. ID at 4. He also found that recovery of the overpayment was not unconscionable. The parties do not dispute these findings, and we decline to disturb them.[3] ID at 4; IAF, Tab 8 at 7, 10, 15. To the extent that the appellant is alleging that OPM's delay between when he first became eligible for Social Security old-age benefits in December 2014 and when it notified him of the

[3] Although the administrative judge did not address whether the appellant established that he relied on the overpayment to his detriment, the appellant did not make such a claim below or on review. IAF, Tab 10 at 5-6. Therefore, we find no need to address this potential basis for waiver. To the extent that the appellant alleges that his retirement was the result of misinformation by his employing agency, he may file a separate appeal regarding an alleged involuntary retirement. IAF, Tab 1 at 8; *see Morrison v. Department of the Navy*, 122 M.S.P.R. 205, ¶ 7 (2015) (explaining that retirement is involuntary if it is obtained by agency misinformation or deception). We make no findings here as to the merits or timeliness of such an appeal.

overpayment in September 2017 was unconscionable, we disagree. PFR File, Tab 1 at 6; *see Spinella v. Office of Personnel Management*, 109 M.S.P.R. 185, ¶¶ 2, 8-10 (2008) (declining to find a 79-month delay in OPM's discovery of its error, which caused an overpayment, was unconscionable, even though OPM failed to conduct a timely audit that would have uncovered its error sooner).

¶19     As to financial hardship, the administrative judge concluded that the appellant failed to provide OPM with information regarding his income, assets, or liabilities, and therefore was not entitled to a waiver on this basis. ID at 5. On review, the appellant argues that financial hardship can be "assume[d]" from the reduction of his "fixed pension serving as the sole source income." PFR File, Tab 1 at 6. We are not persuaded. OPM advised the appellant below of his ability to seek a financial hardship waiver and instructed him to submit a Financial Resources Questionnaire (FRQ) if he did so. IAF, Tab 8 at 16, 36. In seeking reconsideration of OPM's overpayment decision, the appellant did not indicate he was requesting a waiver, and there is no evidence he submitted an FRQ or other financial statement. *Id.* at 34-36. The file is devoid of any information from which we can conclude that the appellant "needs substantially all of . . . his current income and liquid assets to meet current ordinary and necessary living expenses and liabilities," as necessary to establish financial hardship. 5 C.F.R. § 831.1404. Thus, we agree with the administrative judge that the appellant is not entitled to a financial hardship waiver.[4]

¶20     Accordingly, we affirm the initial decision as modified above.

---

[4] OPM has advised the Board that it may seek recovery of any debt remaining upon an appellant's death from the appellant's estate or other responsible party. A party responsible for any debt remaining upon the appellant's death may include an heir (spouse, child or other) who is deriving a benefit from the appellant's Federal benefits, an heir or other person acting as the representative of the estate if, for example, the representative fails to pay the United States before paying the claims of other creditors in accordance with 31 U.S.C. § 3713(b), or transferees or distributers of the appellant's estate. *Pierotti v. Office of Personnel Management*, 124 M.S.P.R. 103, ¶ 13 (2016).

**NOTICE OF APPEAL RIGHTS**[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals<br>
for the Federal Circuit<br>
717 Madison Place, N.W.<br>
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Jennifer Everling

FOR THE BOARD:        _____
                       Jennifer Everling
                       Acting Clerk of the Board

Washington, D.C.